1
 2024 CO 76 David L. Ward, Petitioner v. The People of the State of Colorado. Respondent No. 23SC328
Supreme Court of Colorado, En Banc
December 16, 2024
 
          
 Certiorari to the Colorado Court of Appeals Court of Appeals
 Case No. 20CA1921
 
 
          
 Attorneys for Petitioner: Spero Justice Center Kristen M.
 Nelson Dan M. Meyer Denver, Colorado
 
 
          
 Johnson &Klein, PLLC Gail K. Johnson Boulder, Colorado
 
 
          
 Attorneys for Respondent: Philip J. Weiser, Attorney General
 Jessica E. Ross, Senior Assistant Attorney General Denver,
 Colorado
 
 2
 
          
 Attorneys for Amicus Curiae ACLU of Colorado: Timothy R.
 Macdonald Emma Mclean-Riggs Laura Moraff Denver, Colorado
 
 
          
 Attorneys for Amicus Curiae Daniel Loehr: Maxted Law LLC
 David G. Maxted Stephanie M. Frisinger Denver, Colorado
 
 
          
 JUSTICE HOOD delivered the Opinion of the Court, in which
 CHIEF JUSTICE MARQUEZ, JUSTICE BOATRIGHT, JUSTICE GABRIEL,
 JUSTICE HART, JUSTICE SAMOUR, and JUSTICE BERKENKOTTER
 joined.
 
 
          
 OPINION
 
 
           HOOD,
 JUSTICE
 
 3
 
          ¶
 1 David L. Ward asks this court to apply the holdings we
 announced in Wells-Yates v. People, 2019 CO 90M, 454
 P.3d 191, which altered proportionality review for habitual
 criminal sentences, retroactively to his case. Consistent
 with the companion case we announce today, McDonald v.
 People, 2024 CO 75, ¶¶ 1, 34, __P.3d __, we
 hold that Wells-Yates didn't announce new
 substantive rules of constitutional law, and so
 Wells-Yates's holdings don't apply
 retroactively to cases, like Ward's, on collateral
 review.
 
 
          I.
 Facts and Procedural History
 
 
          ¶
 2 In 1993, a jury convicted Ward of robbery (a class 4
 felony), aggravated robbery (a class 3 felony), and three
 habitual criminal counts. The habitual criminal counts were
 based on two prior felony convictions: (1) a 1987 conviction
 for offering violence to a correctional officer in Missouri
 and (2) a 1981 conviction for second degree burglary in
 Colorado. The trial court sentenced Ward to life
 imprisonment.
 
 
          ¶
 3 Ward appealed, and the division affirmed his convictions
 for robbery and aggravated robbery but remanded the case to
 the trial court to consider whether Ward had demonstrated
 justifiable excuse or excusable neglect for his untimely
 challenge to the prior convictions upon which his habitual
 criminal convictions were predicated. People v.
 Ward, No. 93CA268 (Oct. 6, 1994). On remand, the trial
 
 4
 
 court found no justifiable excuse or excusable neglect and
 affirmed Ward's habitual criminal counts. Ward appealed
 that decision, and the division again affirmed Ward's
 convictions and sentence. People v. Ward, No.
 97CA366 (Oct. 22, 1998). Ward's convictions became final
 in 1999.
 
 
          ¶
 4 In 2020, Ward filed a pro se motion requesting a
 proportionality review of his sentence under
 Wells-Yates. The postconviction court concluded
 Ward's claims were time-barred under section 16-5-402,
 C.R.S. (2024). On appeal, the division concluded that
 "Wells-Yates didn't create a new
 substantive constitutional rule that applies retroactively .
 . . [; it] changed only the process for conducting an
 extended proportionality review." People v.
 Ward, No. 20CA1921, ¶¶ 13-14 (Mar. 30, 2023).
 Accordingly, it concluded that Ward's collateral attack
 was untimely. Id. at ¶ 15.
 
 
          ¶
 5 We then granted Ward's petition for certiorari
 review.[1]
 
 
          II.
 Analysis
 
 
          ¶
 6 We discussed habitual criminal sentencing, Eighth Amendment
 proportionality review, and the retroactive application of
 judicially created rules in today's companion case,
 McDonald, ¶¶ 7-32. So, we don't repeat
 that discussion here. Instead, we simply apply our conclusion
 in McDonald-that Wells-Yates's
 
 5
 
 holdings don't apply retroactively to cases on collateral
 review-to Ward's case to determine whether Ward's
 collateral attack is time-barred.[2]
 
 
          ¶
 7 Section 16-5-402 provides that defendants convicted of any
 felony other than a class 1 felony must bring a collateral
 attack of their convictions within three years of being
 convicted unless they can show that their failure to do so
 "was the result of circumstances amounting to
 justifiable excuse or excusable neglect." §
 16-5-402(2)(d).
 
 
          ¶
 8 Ward hasn't established justifiable excuse or excusable
 neglect for failing to collaterally attack his prior
 convictions within three years of being convicted. And Ward
 can't rely on Wells-Yates's holdings to
 justify an untimely collateral attack because that opinion
 doesn't apply retroactively. See McDonald,
 ¶¶ 1, 34.
 
 
          ¶
 9 Therefore, we conclude that Ward's collateral attack is
 untimely.
 
 
          III.
 Conclusion
 
 
          ¶
 10 We affirm the judgment of the court of appeals.
 
 
 ---------
 
 
 Notes:
 
 
 [1] We granted certiorari to review the
 following issue:
 
 
 1. Whether Wells-Yates v. People, 2019 CO
 90M, 454 P.3d 191, announced a new, substantive rule of
 constitutional law that applies retroactively.
 
 
 [2] Because Ward didn't raise at trial
 or on appeal his due process argument or his argument that
 the Colorado Constitution provides broader protection than
 its federal counterpart, those issues aren't properly
 before us on certiorari review, and we don't address
 them. See Martinez v. People, 244 P.3d 135, 140
 (Colo. 2010) (vacating the portion of an opinion that reached
 the merits of an unpreserved constitutional claim because,
 "[t]o preserve a Colorado Constitutional argument for
 appeal, . . . a defendant must make an objection sufficiently
 specific to call the attention of the trial court to the
 potential Colorado Constitutional error").
 
 
 ---------